# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO T. M. B. AND V. S. B.,
MINORS.

No. 72483

SHAWNA B.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES; T. M. B.; AND
V. S. B., MINORS,
Respondents.



FILED

JUL 03 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order terminating appellant's parental rights as to two minor children. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

To terminate parental rights, the district court must find, by clear and convincing evidence, that at least one ground of parental fault exists and that termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Parental fault may be evidenced by neglect, parental unfitness, failure of parental adjustment, the demonstration of only token efforts, and risk of serious injury to the child if the child is returned to the parent's care. NRS 128.105(1)(b). This court considers questions of law de novo, but the district court's factual findings are reviewed for substantial

18-25183

evidence. *In re Parental Rights as to A.L.*, 130 Nev. 914, 918, 337 P.3d 758, 761 (2014).

Appellant argues that substantial evidence does not support the district court's findings of parental fault or that termination is in the children's best interests. Specifically, she contends the evidence demonstrated that she made substantial efforts to seek drug treatment and complete her child care counseling and domestic violence classes, she continued to visit with the children regularly and learned how to filter adult topics from them, and she was interactive as well as loving with the children and the children were bonded and affectionate with her. Additionally, she claims the district court erroneously treated her drug addiction as irredeemable, ignored the available housing appellant had for the children, misapplied the presumptions found in NRS 128.109, did not properly apply the considerations of NRS 128.107, erroneously found failure to adjust when she allegedly had completed her case plan requirements by the time of trial and had made tremendous efforts to adjust the circumstances that led to the children being placed outside appellant's home, and improperly found she had engaged only in token efforts.

We conclude that substantial evidence supports the district court's parental fault findings that appellant is an unfit parent, failed to adjust the circumstances that led to the children's removal, and demonstrated only token efforts to prevent neglect of the children, avoid being an unfit parent, or eliminate the risk of serious injury to the children.[1]

---

[1]Because only one ground of parental fault is required to support the termination of parental rights, *see* NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), it is unnecessary for us to review the district court's other findings of parental fault.

NRS 128.105(1)(b)(3)-(4), (6). A parent is unfit when "by reason of the parent's fault or habit or conduct toward the child or other persons, [the parent] fails to provide such child with proper care, guidance and support." NRS 128.018. "What constitutes being unfit can vary from case to case but generally includes continued drug use, criminal activity, domestic violence, or an overall inability to provide for the child's physical, mental or emotional health and development." *In re Parental Rights as to N.J.*, 125 Nev. 835, 845, 221 P.3d 1255, 1262 (2009) (internal quotation marks omitted). Failure of parental adjustment occurs when a parent is unable or unwilling within a reasonable time to substantially correct the circumstances which led to the removal of the children. NRS 128.0126. When a child has been out of the parent's care for 14 months of any 20 consecutive months, it is presumed that the parent has demonstrated only token efforts for the child. NRS 128.109(1)(a).

At the time of the termination trial, the children had resided outside of the home for a period of approximately 24 consecutive months. The district court found, and the record supports, that appellant had been a methamphetamine user for the past four years and that her last use of the drug was on July 2, 2016, approximately 21 months after the children were removed from her care. *See* NRS 128.106(1)(d) (requiring a court to consider a parent's excessive use of "dangerous drugs [that] renders the parent consistently unable to care for the child" when determining unfitness). The district court acknowledged appellant's progress with her most recent attempt in substance abuse treatment, a program entered into by appellant in July 2016, but it also noted she had not completed treatment. Appellant complied with the requirement of her case plan that she obtain a domestic violence assessment and attend recommended

classes. However, her subsequent behavior demonstrated that her compliance did not lead to a behavioral change as approximately three months after completing the requirement, appellant returned to an abusive relationship and subsequently relayed to her caseworker an incident where her husband beat her up and said he was going to kill her. *See In re Parental Rights as to A.P.M.*, 131 Nev. 665, 669-73, 356 P.3d 499, 503-05 (2015) (recognizing that technical case plan completion does not prevent termination if there is evidence the parent has not learned the lessons proffered by the case plan). Further, appellant failed to provide sufficient evidence to rebut the presumption that she made only token efforts. Thus, substantial evidence supports the district court's findings that appellant is an unfit parent, failed to adjust the circumstances that led to the children's removal, and demonstrated only token efforts to prevent neglect of the children, avoid being an unfit parent, and eliminate the risk of serious injury to the children.

Lastly, we conclude that substantial evidence supports the district court's finding that termination of appellant's parental rights is in the children's best interests.[2] Appellant failed to rebut the presumption that because the children have resided outside of her care for 14 of 20 consecutive months, termination was in their best interests. NRS 128.109(2). Further, termination enables the children to be adopted together by their foster mother, a woman with whom the children have primarily resided since October 2015 and who has bonded with the children,

---

[2]While appellant argues on appeal that the district court ignored the considerations of NRS 128.107, we disagree. The district court's decision evinces a thoughtful contemplation of the considerations outlined in the statute. *See* NRS 128.107(1)-(4).

has taken steps to educate herself in order to address the children's behavioral issues, and can provide the necessities of life to the children. For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Robert Teuton, District Judge, Family Court Division
        Christopher R. Tilman
        Legal Aid Center of Southern Nevada
        Makris Legal Services, LLC
        Clark County District Attorney/Juvenile Division
        Eighth District Court Clerk